Gueen, J.
delivered the opinion of the court.
*315 It appears from the records, that E. A. King, being indebted to various persons, the complainants in this suit, for the payment of which debts the defendant, Sublett, was his surety, and being also indebted to the defendant, McElroy, made a conveyance of a negro girl and various articles of merchandize, to McElroy, in trust, reciting all said debts; and that he might make certain and secure the said Sublett and McElroy, it was stipulated that the said McElroy, as trustee as aforesaid, should take into possession all the hats, boots, shoes, caps, slippers, desks, chairs, skins, gaiters, tables, and all the books, notes, accounts and receipts of the said hat, boot and shoe store, and dispose of the same, as trustee, as he should think most conducive both to the interest of said King and his said security.
It was also stipulated that the said King should remain in possession of all the other property conveyed, until it should become necessary for the security of the said Sublett and the said McElroy, that the, same should be sold; and the said trustee is empowered, if K. should not pay said debts aforesaid, when they respectively become due, and save harmless the said Sublett and McElroy, to expose all of said last mentioned property to sale for cash, after giving twenty days public notice; the said McElroy, as trustee, if King should not pay any or all of said debts as aforesaid, should, after selling said property, to appropriate the proceeds of the sale — first, to the necessary expenses and costs; secondly, to the satisfaction of all the said debts and liabilities as aforesaid; and, thirdly, to pay the balance, if any, to King.
McElroy accepted the trust, received the property and sold it, paying himself the debt due him, and the balance of the fund was paid into the hands of Sublett, the security; none of the debts due from King have been paid, and his creditors file this bill, insisting on the provision made for them, and claiming a distribution of the fund.
The defendant, McElroy, insists that the deed of trust was made for the indemnity of Sublett, who was King’s security for the payment of the debts to the complainants, and not for the benefit of the complainants; and that the payment of *316 the fund into Sublett’s hands, was strictly in discharge of the obligations of the trust.
It is certainly true, that King’s primary object was to provide an indemnity for his surety, Sublett; but that indemnity, according to the deed, was to consist in an application of the fund to the payment of the debts for which Sublett was bound. King did not intend to indemnify his surety, by placing the fund in his hands and leaving his own debts unpaid; that would have been a silly arrangement, unless the object had been to defraud his creditors. But the deed itself plainly declares that the trustee is to appropriate the proceeds of the property to the payment of all the debts and liabilities aforesaid. That was the method by which King chose to indemnify his surety, and the trustee was bound to apply the fund in that manner.
But, it is said this deed was made without consultation with the creditors, and without their knowledge, and that, therefore they had no interest in the matter, as King might have revoked it at any time.
This court held, in Galt vs. Dibrell, 10 Yerg. R. 158, that creditors were entitled to the benefit of a deed made without their knowledge, if they affirmed it before a revocation was made by the debtor.
In this case, King has not revoked the provision made in this deed for the benefit of his creditors; and it is now too late for him to do so. The creditors, by this bill, have adopted and affirmed the provisions of the deed, and it becomes obligatory for their benefit.
Certainly the trustee had no right to take upon himself to apply the fund differently from the manner designated in the deed. Having done so, he is personally responsible to those who are entitled to the fund.
Affirm the decree.